UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.D., by and through his parents and guardians, E.D. and H.D., individually, on behalf of similarly situated individuals, and on behalf of T-MOBILE USA, INC. EMPLOYEE BENEFIT PLAN,<br><br>            Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC. EMPLOYEE BENEFIT PLAN; T-MOBILE USA, INC.; and UNITED HEALTHCARE SERVICES, INC.,<br><br>            Defendants. | NO. 2:15-cv-00180-___<br><br>COMPLAINT<br>(CLASS ACTION)<br><br>[REDACTED] |

## I.  PARTIES

1.  ***A.D.***  Plaintiff A.D. is the five-year-old son and dependent of E.D. and H.D. and resides in King County, Washington.  A.D. is a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of the T-Mobile USA, Inc. Employee Benefit Plan.  A.D.'s coverage is through E.D.'s employment with T-Mobile.

2.  ***T-Mobile USA, Inc. Employee Benefit Plan.***  Defendant T-Mobile USA, Inc. Employee Benefit Plan ("Plan") is an employee welfare benefit plan under the Employment Retirement Security of Act of 1974 ("ERISA").  The Plan provides health benefits for T-Mobile employees and their dependents such as A.D.

COMPLAINT (CLASS ACTION) – 1
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

3. ***T-Mobile USA, Inc.***  T-Mobile USA, Inc. ("T-Mobile") is the "Plan Sponsor" and "Plan Administrator" and is a named fiduciary under ERISA.

4. ***United HealthCare Services, Inc.***  United HealthCare Services, Inc. ("UHC") is the "appropriate named fiduciary" of the Plan for purposes of denial and/or review of denied claims under the Plan.

## II.  JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, a defendant resides or may be found in this district.

## III.  NATURE OF THE CASE

7. A.D. seeks to end T-Mobile and UHC's standard practice of insurance discrimination against A.D. and other insureds with autism spectrum disorder ("ASD").  Early and intensive provision of medically necessary Applied Behavior Analysis ("ABA") therapy can dramatically improve the health and life-long well-being of insureds with ASD.  T-Mobile and UHC, however, routinely exclude coverage of medically necessary ABA therapy to treat ASD.  Plaintiffs seeks to enforce the Federal Mental Health Parity Act, though ERISA and the terms of the Plan, to end such discriminatory practices.

8. On October 3, 2008, Congress passed the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, commonly known as the Federal Mental Health Parity Act.  The Federal Parity Act expanded the scope of previous federal legislation on access to mental health coverage and was "designed to end discrimination in the provision of coverage for mental health and substance use disorders, as compared to medical and surgical conditions."  *Coalition for Parity v.*

COMPLAINT (CLASS ACTION) – 2
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

*Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010).  The Federal Parity Act requires that the exclusions and limitations imposed on mental health services are "no more restrictive" than those applied to substantially all medical and surgical benefits.  *See* 29 U.S.C. § 1185a(a)(3); 42 U.S.C. § 300gg-5(a)(3); 26 U.S.C. § 9812(a)(3).  The Federal Parity Act took effect as of October 3, 2009.

9. The Federal Parity Act requires T-Mobile and UHC to cover all outpatient and inpatient services to treat mental disorders covered by the diagnostic categories listed in the most current version of the Diagnostic and Statistical Manual of Mental Disorders ("DSM"), so long as the services are medically necessary.  It further requires that T-Mobile and UHC ensure that treatment limitations on services to treat DSM mental health conditions are no more restrictive than the predominate treatment limitations imposed on substantially all of the Plan's medical and surgical services.  29 U.S.C. § 1185a(3)(A)(ii).

10. Defendants T-Mobile and UHC do not apply the Federal Parity Act requirements to all services that are necessary to treat conditions listed in the DSM.  T-Mobile and UHC have adopted a uniform policy excluding all coverage for ABA therapy to treat ASD, even when medically necessary.  A.D. was denied his pre-service request for coverage of ABA therapy to treat his autism, even though an Independent Review Organization had recently concluded that ABA therapy is medically necessary to treat A.D.'s ASD.  When A.D. appealed, T-Mobile and UHC denied his appeals, asserting that ABA therapy was excluded from the Plan.

11. T-Mobile and UHC's uniform exclusion of ABA policy and practices violates the requirements of the Federal Parity Act, 29 U.S.C. § 1185a, and their implementing regulations, which are incorporated as "terms of the plan[s]" into the Plan under ERISA.  By failing to comply with the Federal Parity Act and the terms of the Plan,

COMPLAINT (CLASS ACTION) – 3
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

T-Mobile and UHC are systemically and uniformly failing to properly process claims and administer the Plan. The Plan's participants and beneficiaries have not received the benefits they are entitled to under the Plan or under Federal law. The Plan's participants and beneficiaries are being misinformed by defendants with respect to their right to coverage under the Plan and the Federal Parity Act.

12.   This lawsuit seeks remedies for T-Mobile and UHC's breach of contract and breach of fiduciary duty under ERISA, arising out of their failure to comply with the terms of the Plan and federal law. It further seeks to recover the benefits that have been wrongfully denied to A.D. and the class he seeks to represent. It also seeks a court order declaring T-Mobile and UHC's exclusions, limitations, policies and practices illegal and void. The lawsuit further seeks an injunction to prevent any future or ongoing efforts by T-Mobile and/or UHC to use and enforce any exclusions, limitations, policies or practices that impermissibly deny, exclude or limit beneficiaries' access to medically necessary services to treat conditions recognized in the latest version of the DSM under the Plan. Finally, it seeks to require defendants to provide accurate information concerning the required coverage of ABA under the Plan.

### IV.   CLASS ALLEGATIONS

13.   *Definition of Class*. A.D. proposes the following class:

> All individuals who have been, are, or will be participants or beneficiaries under the T-Mobile USA, Inc. Employee Benefit Plan who have received, require, or are expected to require Applied Behavior Analysis (ABA) therapy for the treatment of autism and/or autism spectrum disorder.

14.   *Size of Class*. The class of persons who have received, require or are expected to require ABA therapy for the treatment of conditions listed in the DSM, and who have been, are or will be beneficiaries under the Plan, is expected to number in the hundreds and is so large that joinder of all members is impracticable.

COMPLAINT (CLASS ACTION) – 4
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

15.     ***Class Representative A.D.***  Named plaintiff A.D. is an enrollee in the Plan.  A.D. is diagnosed with ASD, a condition that is listed in the most recent DSM.  A.D. needs ABA therapy to treat his ASD.  T-Mobile and UHC denied A.D.'s request for coverage of ABA therapy services as excluded under the plan.  His claims are typical of the claims of the other members of the class, and through his parents, he will fairly and adequately represent the interests of this class.

16.     ***Common Questions of Law and Fact***.  This action requires a determination of whether T-Mobile and UHC's application of contract provisions, policies and practices that deny, exclude and/or limit coverage of services to treat conditions identified in the DSM in T-Mobile USA, Inc. Employee Benefit Plan violates the terms of the Plan and the Federal Parity Act.  Adjudication of this issue will in turn determine whether T-Mobile and/or UHC is liable under ERISA for its conduct.

17.     ***Separate suits would create risk of varying conduct requirements***.  The prosecution of separate actions by class members against T-Mobile and UHC would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct.  Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(1).

18.     ***T-Mobile and UHC have acted on grounds generally applicable to the class.***  T-Mobile and UHC, by applying policies and practices that result in the exclusion and improper limitation of certain services to treat certain conditions listed in the DSM, have acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the entire class.  Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(2).

19.     ***Questions of law and fact common to the class predominate over individual issues.***  The claims of the individual class members are more efficiently

COMPLAINT (CLASS ACTION) – 5
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

adjudicated on a class-wide basis.  Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism.  Upon information and belief, there is no pending class action suit filed against these defendant for the same relief requested in this action, for a class of ERISA insureds.

20. *Venue.*  This action can be most efficiently prosecuted as a class action in the Western District of Washington, where T-Mobile and UCH do business and where A.D. resides.  Issues as to T-Mobile and UHC's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class.  Certification is therefore additionally proper under Federal Rule of Civil Procedure 23(b)(3).

21. *Class Counsel*.  A.D. has retained experienced and competent class counsel.

## V.   FACTUAL BACKGROUND

22. During certain time periods on and after October 3, 2009, A.D. and members of the class have been, are or will be participants or beneficiaries of the Plan, which is subject to ERISA pursuant to 29 U.S.C. § 1003.

23. Since October 3, 2009, and continuing to the present, A.D. and other members of the class have been diagnosed with ASD as listed in the DSM IV or V.

24. A.D. and other members of the class have required, currently require or will require ABA therapy to treat their ASD.  As defined by the Plan and relevant state and federal law, their ABA therapy services are "mental health services." T-Mobile and UHC, however, have excluded all coverage of such treatment through the application of exclusions and limitations.

COMPLAINT (CLASS ACTION) – 6
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

25. The application of these uniform Plan exclusions and limitations is not "at parity" with the Plan's coverage of medical/surgical services. As a result, A.D. and other members of the class have paid for ABA therapy out of their own pockets, or face the imminent threat that they will have to do so in the near future. Other class members have been forced to forgo needed treatment due to T-Mobile and UHC's conduct.

26. In light of the established Plan documents, statements and written representations by T-Mobile and UHC to the parents and providers of A.D. and other members of the class, any attempt by class members to pursue administrative remedies is futile. Nonetheless, A.D. has completed the internal appeal process within the Plan to no avail. He has exhausted his administrative remedies.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM: BREACH OF FIDUCIARY DUTIES
### ERISA § 404(a)(1), 29 U.S.C. § 1104(a)

27. A.D. re-alleges all paragraphs above.

28. T-Mobile is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is the Plan Administrator and a Plan fiduciary. UHC is a fiduciary under ERISA § 3(21)(A) because it is the "appropriate named fiduciary" of the Plan and exercises discretionary authority or discretionary control with respect to the denial and appeal of denied claims under the Plan.

29. ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the

COMPLAINT (CLASS ACTION) – 7
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

30. ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

31. The terms of an ERISA plan include non-preempted provisions of substantive law, such as the requirements in the Federal Parity Act. T-Mobile and UHC have failed to comply with the terms of the Plan, which include the requirements of the Federal Parity Act and its implementing regulations.

32. T-Mobile and UHC violated their obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to act in accordance with the documents and instruments governing the Plan, and breached their fiduciary duties to the Plan, A.D. and all class members.

33. As a direct and proximate result of these acts and omissions, A.D., class members and the Plan have suffered losses and are entitled to relief under ERISA against T-Mobile and UHC.

34. A.D., class members and the Plan seek recovery of all losses to the Plan, including, but not limited to, relief compelling T-Mobile and UHC to restore to the Plan all losses, including interest, arising from the breaches of fiduciary duties when

COMPLAINT (CLASS ACTION) – 8
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

treatment required by the terms of the Plan as modified by the Federal Parity Act and implementing regulations was denied.

### SECOND CLAIM:
### CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS UNDER TERMS OF THE PLANS AND CLARIFICATION OF RIGHT TO FUTURE BENEFITS UNDER THE PLAN
### ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

35.  A.D. re-alleges all the paragraphs above.

36.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

37.  A.D. and the class are entitled to recover benefits due them under the terms of the Plan. They are also entitled to a declaration of present and future rights to coverage of ABA therapy to treat ASD.

### THIRD CLAIM:
### CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE TERMS OF THE PLANS
### ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

38.  A.D. re-alleges all the paragraphs above.

39.  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." A.D. and the class seek to enjoin T-Mobile and UHC from continuing to apply exclusions and limitations on all coverage of ABA therapy to treat ASD. A.D. and the class also seek to have T-Mobile and UHC provide the class with corrective notice and reformation of the relevant Plan documents.

40.  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress

COMPLAINT (CLASS ACTION) – 9
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

violations of ERISA or enforce plan terms.  To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then A.D. and the class seek equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, and surcharge arising out of the failure to administer the terms of the Plan as modified by the Federal Parity Act and implementing regulations.

## VII.  DEMAND FOR RELIEF

WHEREFORE, A.D. requests that this Court:

1. Certify this case as a class action; designate named plaintiff A.D. as class representative, and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Richard E. Spoonemore, Eleanor Hamburger and Charles D. Sirianni as class counsel;

2. Enter judgment on behalf of the Plan, A.D. and the class for losses sustained by such Plan due to T-Mobile and UHC's breaches of fiduciary duty and failure to pay Plan benefits;

3. Declare that T-Mobile and UHC may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit outpatient ABA therapy services to treat ASD, a mental health condition, since such exclusions and/or limitations are not predominantly applied to outpatient medical and surgical services;

4. Enjoin T-Mobile and UHC from further violations of the terms of the Plan as modified by the Federal Parity Act and implementing regulations;

5. Enter judgment in favor of A.D. and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act and its implementing regulations;

6. Award A.D. and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

COMPLAINT (CLASS ACTION) – 10
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

7. Award such other relief as is just and proper.

DATED: February 9, 2015.

        SIRIANNI YOUTZ
        SPOONEMORE HAMBURGER

By: *s/ Richard E. Spoonemore*
By: *s/ Eleanor Hamburger*
By: *s/ Charles D. Sirianni*
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
Charles D. Sirianni (WSBA #40421)
   999 Third Avenue, Suite 3650
   Seattle, WA 98104
   Tel. (206) 223-0303
   Fax (206) 223-0246
   Email: rspoonemore@sylaw.com
            ehamburger@sylaw.com
            csirianni@sylaw.com

Attorneys for Plaintiff

COMPLAINT (CLASS ACTION) – 11
[Case No. 2:15-cv-00180-___]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246